```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

RISSMAN HENDRICKS & OLIVERIO,    )
LLP f.k.a. RISSMAN JOBSE         )
HENDRICKS & OLIVERIO, LLP        )
f.k.a. KUDIRKA & JOBSE, LLP,     )
        Plaintiff,               )
                                 )
        v.                       )
                                 )    C.A. No. 13-12719-MLW
ALAN LINDSAY, OLIVER LINDSAY     )
and WOLF CAPITAL CORP.           )
        Defendants.              )
```

ORDER

WOLF, D.J.                                          October 31, 2013

In a complaint filed on October 28, 2013, plaintiff alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Jurisdiction exists under 28 U.S.C. 1332 if two conditions are both satisfied. First, the opposing parties must have complete diversity of citizenship. See 28 U.S.C. §1332 (a)(1)-(2). Second, the amount in controversy must "exceed [] the sum or value of $75,000, exclusive of interest and costs." Id. §1332 (a). The complaint only alleges that the first of the two elements has been satisfied. Plaintiff has not alleged that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.

Defendants have not yet responded to the complaint or the motion for preliminary injunction. However, the court may not presume the existence of subject matter jurisdiction. Rather, it must satisfy itself that it exists even if no party raises the

issue. See Fed. R. Civ. P. 12(h)(3); see also Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) (federal courts have "responsibility to police the border of federal jurisdiction"); Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998) ("Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases.").

In view of the foregoing, it is hereby ORDERED that:

1. By 12:00 noon, on November 6, 2013,:

(a) Plaintiff shall file a supplemental memorandum and affidavit, seeking to establish that the amount in controversy requirement is met. See Spielman, 251 F.3d at 4; Cusumano, 162 F.3d at 712.

(b) Defendants shall respond to the emergency motion for preliminary injunction (Docket No. 4), addressing, among other things, the issue of whether subject matter jurisdiction exists in this case.

(c) Plaintiff shall send a copy of this order forthwith to the defendants, and promptly inform the court of when and how this was done.

                                                /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE